IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 18th Avenue Toys, Ltd.<br><br>                          Plaintiff,<br>v.<br><br>Si-Dan Toys Co. Ltd, Battle Brick, Inc., and Andrew K. Roberts, an Individual,<br><br>                          Defendants. | Civil No.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff 18th Avenue Toys, Ltd. ("18th Ave." or "Plaintiff") alleges as follows:

## **INTRODUCTION**

1. Monopoly® is a popular board game developed in 1903 to demonstrate the evils of unfettered power in the hands of a select group.

2. Unfortunately, in the toy industry, that message has fallen on deaf ears. Rather than compete in an open market place, certain manufacturers of toys seek to preclude regular, every day items from use by others.

3. Si-Dan Toys Co. Ltd. ("Si-Dan") seeks to gain a monopoly by asserting claims of copyright infringement for products that are simply not protectable under the Copyright laws of the United States.

4. Si-Dan, through Andrew Roberts, has asserted that 18th Ave. is infringing Si-Dan's alleged copyright by selling Toy sets that include the common and well known tactical vests used by police SWAT teams and Military Special Forces. 18th Ave denies that it has infringed any copyrights owned by Si-Dan.

5. Plaintiff seeks declaratory judgment of non-infringement of United States Copyright Registration No. VA 1-940-851 (Exhibit A) for a "Toy Tactical Vest" owned by Defendant Si-Dan Toys Co. Ltd. ("Si-Dan's Copyright"). Plaintiff further seeks declaratory judgment that any copyright(s) asserted by Si-Dan are invalid and unenforceable.

6. Further, Plaintiff complains of Defendants Battle Brick, Inc. and Andrew Roberts for Tortious Interference with Business Relations, Tortious Interference with Prospective Economic Advantage, and, violations of the Illinois Uniform Deceptive Business Practice Act 815 ILCS 5/2(a)(8).

7. Battle Brick, Inc. through its CEO, Defendant Andrew Roberts, threatened to sue 18th Ave. for "Wilful [sic] Violation of SIDAN Toys INC.'s copyright".

8. Neither Mr. Roberts nor his company, Battle Brick, Inc. are the owners of the Si-Dan Copyright.

9. Si-Dan is, upon information and belief, the owner of the Si-Dan Copyright.

10. Si-Dan's copyright is invalid based on, among other things, the doctrine of merger.

11. In the alternative, 18th Ave does not infringe Si-Dan's copyright because of the doctrine of *scenes a faire*.

**PARTIES**

12. Plaintiff, 18th Avenue Toys, Ltd. is a company organized under the laws of the State of New York. 18th Ave has a primary place of business at 5504 18th Ave, Brooklyn, New York.

13. Defendant Si-Dan Toys Co. Ltd. ("Si-Dan") is a company organized and incorporated in accordance with the laws of the Republic of China and has a principal place of business in Taipei, Taiwan (Exhibit B).

14. Si-Dan is in the business of manufacturing and selling toy accessories for LEGO® compatible toys.

15. Si-Dan Accessories are sold in the United States through a variety of channels including internet websites Amazon.com and Battlebrickcustoms.com.

16. Upon information and belief Si-Dan Accessories have been sold within this judicial district.

17. Defendant Battle Brick Inc. ("Battle Brick") is a company organized in 2015 under the laws of the State of Georgia with a principal place of business at 2454 Benjamin E. Mays Dr. Atlanta, GA. (Exhibit C).

18. Battle Brick owns the internet domain http://www.battlebrickcustoms.com (the "Website").

19. Battle Brick controls the content of the Website.

20. Battle Brick sells, among other things, Toy Tactical Vests through its Website.

21. Upon information and belief, Battle Brick has sold products through its website within this judicial district.

22. Battle Brick sells, among other things, Toy Tactical Vests, through Amazon.com.

23. Upon information and belief, Battle Brick has sold products through Amazon.com to customers within this judicial district.

24. Battle Brick sells, among other things, articles allegedly made by Si-Dan through its website and through Amazon.com.

25. Upon information and belief, Battle Brick has sold Si-Dan products to customers within this judicial district.

26. Battle Brick's Chief Executive Officer is Defendant Andrew K. Roberts.

27. Battle Brick is in the business of selling toy accessories for LEGO® compatible toys including Si-Dan Accessories. (Exhibit D).

28. Battle Brick purports to be the representative of Si-Dan. (Exhibit E).

29. Further, upon information and belief, Battle Brick sells Si-Dan Accessories within this judicial district.

30. Defendant Andrew Kingston Roberts is an individual and, upon information and belief, is a resident of the state of Georgia and located at 2454 Benjamin E. Mays Dr. Atlanta, GA.

31. Mr. Roberts purports to be the "authorized representative" of Si-Dan.

32. Mr. Roberts is not the "authorized representative" of Si-Dan.

## JURISDICTION AND VENUE

33. Counts I and II of Plaintiff's complaint arise under the copyright laws of the United States of America 17 U.S.C. §101 et seq. ("the Copyright Act") and therefore this Court has original jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

34. The Court has supplemental jurisdiction over Counts III, IV and V and the parties are properly joined because they arise out of the same controversy as the claims between Plaintiff and Si-Dan in this matter.

35. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have sold products within this judicial district.

## FACTS

36. 18th Ave sells products, mostly toys, through several websites including Amazon.com and toys2discover.com. One of the products sold by 18th Ave is the "Smart Builder" product in two sets ("Smart Builder"). (Photographs of Representative products are attached as Exhibit F and G).

37. The Smart Builder sets are designed to be compatible with LEGO® branded toys.

38. Exhibit F attached to this Complaint is a photograph of the Smart Builder SWAT Special Forces product sold by Plaintiff. ("SWAT set").

39. The SWAT Set includes over 200 pieces. (Exhibit F).

40. The SWAT Set includes two iterations of tactical vests that are worn, in real life, by members of SWAT teams. One such vest is shown below:



41. Exhibit G attached to this Complaint are photographs of the Smart Builder Military Special Forces product sold by Plaintiff. (Exhibit G) ("Military Set").

42. The Military Set includes over 300 pieces.

43. The Military Set includes three iterations of tactical vests that are worn, in real life, by members of Military Special Forces teams.

44. For example, below is a photographs of such a tactical vest:



45. The vests included in the Smart Builder sets are reproductions of similar vests worn by members of SWAT and Military Special Forces Teams.

46. Toys that are designed to depict SWAT and Military Special Forces members necessarily must include tactical vests.

47. The vests of the Smart Builder sets are specifically designed to be compatible with LEGO® figures such as those disclosed in U.S. Patent No. DES 253,711. (Exhibit H).

48. 18th Ave does not direct the manufacture of Smart Builder products.

49. 18th Ave began selling the SWAT and Military Special Forces products in October 2015.

50. On February 25, 2011 Si-Dan began selling a Toy Tactical Vest.

51. On December 15, 2014 Si-Dan obtained a Registration of Copyright for a "Toy Tactical Vest." (Ex. A).

52. Si-Dan's effective date of copyright registration is over three years after the date of first publication.

53. Upon information and belief, Si-Dan submitted the image below to the United States Copyright Office in connection with the Si-Dan Copyright.



54. The Si-Dan Copyright for the Toy Tactical Vest is the only registered copyright owned by Si-Dan.

55. The Si-Dan Toy Tactical Vest is designed to be compatible and function with LEGO® figures.

56. The Si-Dan Toy Tactical Vest is a common depiction of vests used by SWAT teams and Military Special Forces.

57. Battle Brick is a company that sells toys designed to be compatible and function with LEGO® minifigures.

58. Battle Brick is not owned by The LEGO Group.

59. Battle Brick is not licensed by The LEGO Group to enforce its intellectual property rights.

60. Battle Brick is not affiliated, in any way, with The LEGO Group, other than it re-sells products functionally compatible with LEGO products.

61. Battle Brick sells toys, including the Si-Dan Toy Tactical Vest through Amazon.com

62. Battle Brick sells toys, including the Si-Dan Toy Tactical Vest through ebay.com

63. Battle Brick sells toys, including the Si-Dan Toy Tactical Vest through its own website battlebrickcustoms.com.

64. Battle Brick is a competitor of 18th Ave.

65. On or about December 8, 2015 and at all times relevant, Mr. Roberts and Battle Brick knew that 18th Ave sold Smart Builder products through Amazon.com.

66. On December 11, 2015 Mr. Roberts posted a review of 18th Ave products on Amazon.com stating that the products are "Chinese counterfeits that have stolen LEGO® and other companies designs.":

> 0 of 2 people found the following review helpful
> ★☆☆☆☆ One Star
> By A. Roberts on December 11, 2015
> Verified Purchase
> Wonder why these are so cheap? They're Chinese counterfeits that have stolen LEGO(R) and other toy companies designs.
> ▼ 1 comment    Was this review helpful to you?  [Yes]  [No]   Report abuse

67. Later, Mr. Roberts complained to Amazon.com that Plaintiff's listings, specifically with ASIN: B01576A9T8 and B016DS2ER4 were being sold in violation of Si-Dan's Copyrights.

68. At most, any alleged copyright would only apply to the Tactical Vests in the SWAT team and Military Special Forces sets.

69. The Tactical Vests make up a minority of the pieces sold in the SWAT team and Military Special Forces sets.

70. Pursuant to Amazon.com's Conditions of Use (Exhibit I at p. 5), by submitting his Complaint for Copyright Infringement, Mr. Roberts was required to submit the following information. If you prefer to submit a report in writing, please provide us with this information:

   a. A physical signature of the person authorized to act on behalf of the owner of the copyright interest;

   b. A description of the copyrighted work that you claim has been infringed upon;

   c. A description of where the material that you claim is infringing is located on the site;

   d. Your address, telephone number, and e-mail address;

   e. A statement by you that you have a good-faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law;

   f. A statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf.

71. On or about December 8, 2015 Mr. Roberts was not authorized to act on Si-Dan's behalf.

72. On or about January 13, 2016 and at all times relevant, Mr. Roberts again complained to Amazon concerning the alleged copyright infringement by 18th Ave.

73. On or about January 13, 2016 and at all times relevant, Mr. Roberts was not authorized to act on Si-Dan's behalf.

74. According to documents provided by Mr. Roberts, any purported authorization granted by Si-Dan to Battlebrickcustoms.com expired on November 30, 2015. (Exhibit J).

75. Mr. Roberts knew or should have known that the authorization granted by Si-Dan to Battlebrickcustoms.com ran from December 1, 2014 through November 30, 2015.

76. Therefore, Mr. Roberts knew or should have known that his statements made to Amazon.com concerning the alleged copyright infringement were false.

77. Mr. Roberts sought to remove the 18th Ave listings from Amazon.com.

78. Mr. Roberts' complaint to Amazon.com concerning alleged copyright infringement was made in an effort to remove 18th Ave listings from Amazon.com.

79. On or about January 13, 2016 Amazon removed 18th Ave listings for the SWAT team and Military Special Forces sets. (Exhibit K).

**DEFENDANTS ACTS COMPRISING ACTUAL CONTROVERSY**

80. On December 8, 2015 Mr. Roberts contacted Plaintiff and stated that "It has recently been brought to our attention that you are infringing on SIDAN's intellectual property rights by selling counterfeit SIDAN toys minifigure equipment in violation of Title 18 of U.S. Code § 2320 and international trade agreement – Trafficking in counterfeit goods or services." (Exhibit E).

81. Specifically, on January 20, 2016 Mr. Roberts, allegedly acting on behalf of Battle Brick and Si-Dan stated that "If your client rejects this offer and continues to violate our intellectual property, SIDAN will file the complaint we have in process against your clients

company seeking immediate injunctive relief, compensatory, statutory, and punitive damages in addition to attorneys fees and the costs associated with the suit." (Exhibit L).

82. There presently exists a justiciable controversy regarding Plaintiff's right to make any and all forms and shapes of replica tactical vests compatible with LEGO® minifigures free of any allegation by Si-Dan, Battle Brick and/or Mr. Roberts that such conduct constitutes an infringement of any copyright rights allegedly owned by Si-Dan.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY

83. Plaintiff incorporates paragraphs 1 – 82 as if fully set forth herein.

84. This is a declaratory judgment action under the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist selling of the Smart Builder product and forbearance of selling of other similar products, Plaintiff seeks relief from this Court.

85. Plaintiff requests an order declaring that the alleged copyright asserted by the Defendants in the form of replicas of common, public domain tactical vests and shapes are invalid and unenforceable for, *inter alia*, the following reasons:

    a. an absence of sufficient creativity and originality to be entitled to copyright protection or registration;

    b. the idea of creating tactical vests to be used on LEGO® compatible minifigures has merged with the expression of that idea; and

    c. the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain,

are functional, and are not entitled to protection or registration under the Copyright Act.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

86. Plaintiff incorporates paragraphs 1 - 85 as if fully set forth herein.

87. This is a declaratory judgment action under the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist selling of the Smart Builder product and forbearance of selling of other similar products, Plaintiff seeks relief from this Court.

88. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed and is not liable for infringing any valid copyright owned by Si-Dan relating to Toy Tactical Vests either directly or by inducing others to infringe or by contributing to infringement by others for the following non-exclusive reasons:

    a. Plaintiff's products were independently created,

    b. Any infringement was innocent,

    c. The doctrine of *de minimis non curat lex*,

    d. all of Plaintiffs products fall within the fair use doctrine, and

    e. the doctrine of *scenes a faire*.

## COUNT III
## ILLIONOIS UNIFORM DECEPTIVE TRADE PRACTICES
(Battle Brick and Andrew Roberts)

89. Plaintiff incorporates paragraphs 1 - 88 as if fully set forth herein.

90. Defendants Battle Brick and Andrew Roberts have violated 815 ILCS 5/2(a)(8) by disparaging the goods and/or business of 18th Ave and by making false or misleading representation of fact.

91. Specifically, Mr. Roberts posted disparaging comments concerning 18th Ave's products on Amazon.com despite being a competitor of 18th Ave as prohibited by Amazon.com's terms and conditions of use.

92. Mr. Roberts has repeatedly claimed that he, and Battle Brick, are the authorized representatives of Si-Dan.

93. Any purported authorization from Si-Dan expired on November 30, 2015.

94. At the time that Mr. Roberts informed Amazon that he was the authorized representative of Si-Dan, that statement was not true.

95. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has been damaged.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
(Battle Brick and Andrew Roberts)

96. Plaintiff incorporates paragraphs 1 - 95 as if fully set forth herein.

97. Defendants Andrew Roberts and Battle Brick knew that 18th Ave was an authorized retailer on Amazon.com.

98. Defendants Andrew Roberts and Battle Brick made false and misleading statements to Amazon.com concerning 18th Ave.

99. Defendants Andrew Roberts and Battle Brick made false and misleading statements to Amazon.com concerning their authorization to represent Si-Dan.

100. Defendants made these false statements to induce Amazon.com to remove 18th Ave's product listings.

101. Based on Defendants false statements, Amazon.com removed 18th Ave's product listings.

102. As a direct and proximate result of Defendants' unlawful acts, 18th Ave has suffered damages *inter alia* of lost sales and lost profits.

## COUNT V
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
(Battle Brick and Andrew Roberts)

103. Plaintiff incorporates paragraphs 1 - 102 as if fully set forth herein.

104. Defendants Andrew Roberts and Battle Brick knew or should have known that 18th Ave sold, and offered for sale, the Smart Builder SWAT and Military Special Forces sets through Amazon.com.

105. Defendants Andrew Roberts and Battle Brick intentionally interfered with 18th Ave's sales of the Smart Builder SWAT and Military Special Forces sets on Amazon.com by, among other things, making false statements of fact concerning copyright ownership by Defendant and infringement by 18th Ave.

106. Defendants Andrew Roberts and Battle Brick knew on a reasonable certainty that upon making their false statements and allegations of copyright infringement that Amazon.com would remove 18th Ave listings for the SWAT and Military Special Forces sets.

107. 18th Ave's listings were removed from Amazon.com and as a direct and proximate result, Plaintiff has suffered damages for, *inter alia*, lost sales and lost profits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it of the following relief:

(a) An order declaring the alleged copyright asserted by Si-Dan in the form of replicas of common, public domain vest shapes, are invalid and unenforceable;

(b) An order cancelling the Copyright Registration of Si-Dan;

(c) An order declaring that 18th Ave does not infringe any valid copyright owned by Si-Dan relating to Toy Tactical Vests;

(d) Judgment in its favor against Defendants Roberts and Battle Brick on Counts III, IV and V, jointly and severally in an amount to be proven at trial;

(e) An award of punitive damages;

(f) An order awarding attorneys fees, costs, and expenses incurred with this action to 18th Ave pursuant to 17 U.S.C. § 505 and Illinois Deceptive Business Practices Act 815 ILCS 505/10a(c); and

(g) An order awarding such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/ *Christopher W. Niro*
William L. Niro (bill@nirolaw.com)
Christopher W. Niro (chris@nirolaw.com)
NIRO LAW GROUP, LLC.
135 S. LaSalle Street, Suite 3025
Chicago, Illinois 60603
Telephone: (312) 767-2086
Fax: (312) 874-7350

***Attorneys for 18th Avenue Toys, Ltd.***